EXHIBIT "A"

At the IAS Part _____ of the Supreme Court of the State of New York held in and for the County of New York at the Courthouse thereof, 60 Centre Street, New York, New York, on the _____ day of December, 2009.

PRESENT: Hon. _____, Justice

-----------------------------------X
                                    :
Application of Reuben Taub and      :
Hindy Taub,                         : Index No.
              Petitioners,          :
                                    :
For a Judgment Pursuant to CPLR     :
5225(b) and/or 5227 to Compel       : Order to Show Cause
Payment of Money or Delivery of     :
Property                            :
                                    : Name of Assigned Judge
against                             :
                                    : _____
IRA DANIEL TOKAYER,                 :
              Respondent.           :
-----------------------------------X

    Upon reading the annexed affidavit of Daniel M. Hartman, Esq. sworn to December 1, 2009, the judgment entered in this action on November 9, 2009, for $1,123,753.22 in favor of Reuben Taub and Hindy Taub and against DVP GLOBAL TRADING, LLC., and upon all the proceedings and pleadings heretofore had and filed herein,

    Let Ira Daniel Tokayer, show cause before this court, on December 21, 2009, at 9:30 a.m., or as soon thereafter as counsel can be heard, in Room _____ at the Courthouse, 60

Centre Street, New York New York, why an order should not be made and entered herein (1) pursuant to CPLR 5225(b) and/or 5227 requiring Ira Daniel Tokayer to deliver to the Sheriff of the City of New York the funds held by him belonging to or owing to DVP Global Trading, LLC. (the "DVP Funds"), the judgment debtor, upon the ground that $1,123,753.22 of the judgment remains unsatisfied, (2) an order extending the effective period of the levy upon the DVP Funds until such time as the disposition of the DVP Funds is finally determined, (3) for such other and further relief as the court deems proper; and it is further

ORDERED, that pending the hearing and determination of this motion, Ira Daniel Tokayer, and his agents, employees and servants, be and are hereby enjoined and restrained from transferring, selling, mortgaging, granting a security interest in, conveying or otherwise disposing of said funds or any part thereof; and it is further

ORDERED, that answering papers be served on the petitioners at least seven days prior to the return date; and it is further

ORDERED, that service of a copy of this order and the papers upon which it is granted be made on;

2

(A)   Ira Daniel Tokayer by personal delivery to his office

at 42 West 38th Street, New York, New York, on or before

_____;  upon

(B)   DVP Global Trading, LLC., judgment debtor, by

_____, on or before

_____; and

(C)   New York City Marshal Stephen W. Biegel by personal

delivery to his office located at 109 West 38th Street, New York,

New York 10018, on or before _____,

and that such service shall be deemed sufficient.

Dated: New York, New York
December _____, 2009
ENTER,

_____

Justice, Supreme Court, New York County

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------X
                                :
Application of Reuben Taub and  :
Hindy Taub,                     :
            Petitioners,        :
                                :        Index No.
For a Judgment Pursuant to CPLR :
5225(b) and/or 5227 to Compel   :        AFFIRMATION
Payment of Money or Delivery of :
Property                        :
                                :
against                         :
                                :
IRA DANIEL TOKAYER,             :
            Respondent.         :
--------------------------------X

    Daniel M. Hartman, an attorney licensed to practice before the courts of the state of New York, under penalty of perjury, says:

    1.   I am the attorney for the petitioners herein, have represented them in this matter and the action which resulted in a judgment against DVP Global Trading, LLC. ("DVP"), and make this affirmation based on my firsthand knowledge of the matters alleged herein, except for those matters alleged upon information and belief, and as to those allegations I believe them to be true.

    2.   The petitioners have a judgment against DVP, entered in the office of the New York County Clerk on November 9, 2009, in the amount of $1,123,753.22.  (Ex. A, Judgment.)

    3.   None of the amount of the judgment has been paid.

4.   Ira Daniel Tokayer ("Tokayer") is an attorney who maintains an office at 42 West 38th Street, New York, New York 10018.

5.   Tokayer represented DVP in an action brought in New York County entitled DVP v. Generic, Index No. 11582/2003.

6.   The action was settled and, upon information and belief, the defendants in that action paid Tokayer, as the attorney for DVP, settlement proceeds of not less than $490,000.00 (the "DVP Funds").

7.   On or about November 10, 2009, I issued an execution for DVP's funds held by Tokayer.

8.   On November 11, 2009, Stephen W. Beigel, a New York City Marshall, served the execution with a levy and demand on Tokayer. (Ex. B, Execution and Levy.)

9.   Tokayer has not turned over the DVP funds to the Marshall or to the petitioners as judgment creditors.

10.   Tokayer's attorney has advised that Tokayer was served with a complaint in an adversary proceeding brought by a trustee for the estate of Arbco Capital Management, LLP. ("Arbco"), a chapter 7 Debtor, in the United States Bankruptcy Court, Southern District of New York, seeking the turnover of the proceeds of the DVP settlement under 11 U.S.C. §§ 541 & 542. (Ex. C, Complaint.)

11. To date, upon information and belief, the trustee has not obtained a judgment with respect the DVP Funds.

12. The petitioners assert that they are entitled to the DVP Funds by virtue of their judgment, the execution and the levy.

13. The DVP Funds are not property of the Arbco bankruptcy estate, as it is defined in 11 U.S.C. § 541(a)(3).

14. DVP is not in bankruptcy and the funds it received in settlement of the DVP litigation was not a transfer of property or of a property interest of the debtor in the Arbco bankruptcy.

15. Under the U.S. Bankruptcy Code, 11 U.S.C. § 541(a)(3), until a trustee recovers property that property *is not property of the bankruptcy estate*. <u>See</u>, <u>In Re Colonial Realty</u>, 980 F.2d 125 (2nd Cir. 1992); <u>Everything Yogurt, Inc. v. Toscano</u>, 232 A.D.2d 604, 649 N.Y.S.2d 163 (2nd Dept. 1996).

16. Consistent with these rulings, the DVP Funds are not property of the Arbco estate and was properly subject to the petitioners' execution and levy and this Court should order the turnover of the DVP Funds to the sheriff or to the petitioners.

17. Additionally, the petitioners move for an order *extending the effective period of the levy* until such time as the disposition of the DVP Funds is finally determined and paid to party entitled to said funds.

3

18. In light of Tokayer's refusal to turnover the DVP Funds, the instant motion and any other or further proceedings that may be brought relating to the petitioners' rights in the DVP Funds, the petitioners request that the effective period of the levy be extended until such time as the disposition of the DVP Funds is finally resolved to avoid the necessity of making periodic additional motions to extend the effective date of the levy.

19. These proceedings were brought on by order to show cause to give the court the opportunity to direct the method of service on the various interested parties.

20. As mentioned above, Tokayer maintains an office at 42 West 38th Street, New York, New York.

21. DVP apparently has ceased operating and its last known office address is 130 West 42nd Street, New York, New York.

22. The petitioners have been serving DVP through the Secretary of State and have allowed sufficient time for such service of these motion papers on the Secretary of State, which will take about a week to obtain an affidavit of service, if the court determines that to be the mode of service instead of by registered or certified mail pursuant to CPLR 5225 & 5227.

23. No previous application has been made for the relief requested herein.

WHEREFORE, petitioners respectfully demands;

4

a.  Judgment against respondent requiring him to pay the funds held by him which belong to or are owed to DVP to the petitioner;

b.  An order extending the effective period of the levy upon the DVP Funds until such time as the disposition of the DVP Funds is finally determined;

c.  Such other and further relief as this court finds just.

Dated:  December 1, 2009
        New York, New York

_____
Daniel M. Hartman
Attorney for the Petitioners
489 Fifth Avenue, 28th Floor
New York, New York 10017
212-986-8600

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------------X    Index No. 602135/2009
Reuben Taub and Hindy Taub
                                                **JUDGMENT**
                          Plaintiffs,

            -against-
DVP Global Trading, L.L.C.
                          Defendant.
-------------------------------------------X

   The summons and verified complaint in the above entitled

action having been served upon the defendant, DVP Global Trading,

L.L.C., on the 20nd day of July, 2009, and the time for said

defendant to appear, answer or raise an objection to the motion in

point of law having expired, and said defendant not having

appeared, answered or raised an objection to the motion,

   Now, upon the summons and verified of complaint, proof of

service thereof, it is hereby

   ADJUDGED that the plaintiffs, Reuben Taub and Hindy Taub

of 607 West End Avenue, New York, New York have judgment and do

recover from the defendant DVP Global Trading, L.L.C., of

130 W. 42nd Street, New York, New York the sum of Nine Hundred

Fifty Thousand Dollars ($950,000.00), the amount claimed with

interest from November 1, 2007 at the rate of 9%, in the amount of

$173108.22_____, together with costs and disbursements as

taxed by the clerk, in the amount of $645.00___, amounting in

all to the sum of $1123753.22._____, and that plaintiffs

have execution therefore.

FILED

NOV 9 2009

_____
            Clerk

COUNTY CLERK'S OFFICE
NEW YORK

# EXHIBIT B

B 320—Execution Against Property (to Sheriff, Marshal, Notice to Garnishee Civil Court, on blanks supplied original), city copy. Requires a flat form and printed matter, comes with Execution Up.

1974 BY BlumbergExcelsior, Inc., Publisher N.Y. 10013
www.blumberg.com

SUPREME

STATE

X̶X̶X̶X̶X̶X̶X COURT OF THE ~~CITY~~ OF NEW YORK, COUNTY OF

Reuben Taub and Hindy Taub

Plaintiff S

against

DVP Global Trading, L.L.C.

Defendant

*Index No.* 602135/2009

*EXECUTION
WITH NOTICE TO
GARNISHEE*

### The People of the State of New York

TO THE SHERIFF OR ANY MARSHAL OF THE CITY OF NEW YORK, GREETING:

WHEREAS, *in an action in the* ~~Civil~~ Court of the ~~City~~ *of New York, County of* New York

*between* Reuben Taub and Hindy Taub

DVP Global Trading, L.L.C.

*who are all the parties named in said action, a judgment was entered on* November 9, 2009 *as plaintiffs* and

*in favor of* Reuben Taub and Hindy Taub *as defendant*

*and against* DVP Global Trading, LLC

*whose last known address is* 130 West 42nd Street, New York, New York *judgment creditor*

*in the amount of $* 1,123,753.22 *judgment debtor*

*interest thereon from* November 9, 2009 *including costs, of which $* 1,123,753.22 *together with*

*remains due and unpaid;*

**NOW, THEREFORE, WE COMMAND YOU** *to satisfy the said judgment out of the personal property of the above named judgment debtor and the debts due to him; and that only the property in which said judgment debtor is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; AND TO RETURN this execution to the clerk of the above captioned court within 60 days after issuance unless service of this execution is made within that time or within extensions of that time made in writing by the attorney(s) for the judgment creditor .*

**Notice to Garnishee** TO: IRA DANIEL TOKAYER, Esq.

ADDRESS: 42 West 38th Street, Suite 801, New York, NY 10018

WHEREAS, *it appears that you are indebted to the judgment debtor, above named, or in possession or custody of property not capable of delivery in which the judgment debtor has an interest, including, without limitation, the following specified debt and property:*

funds held in escrow for the benefit of DVP Global Trading, LLC.

**NOW, THEREFORE, YOU ARE REQUIRED** *by section 5232(a) of the Civil Practice Law and Rules forthwith to transfer to the said sheriff or marshal all personal property not capable of delivery in which the judgment debtor is known or believed to have an interest now in or hereafter coming into your possession or custody including any property specified in this notice; and to pay to the said sheriff or marshal, upon maturity, all debts now due or hereafter coming due from you to the judgment debtor, including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;*

**AND TAKE NOTICE** *that until such transfer or payment is made or until the expiration of 90 days after the service of this execution upon you or such further time as is provided by any order of the court served upon you whichever event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than said sheriff or marshal, except upon direction of said sheriff or marshal or pursuant to an order of the court;*

**AND TAKE FURTHER NOTICE THAT** *at the expiration of 90 days after a levy is made by service of this execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void except as to property or debts which have been transferred or paid to said sheriff or marshal or as to which a proceeding under sections 5225 or 5227 of the Civil Practice Law and Rules has been brought.*

*Dated:* November 10, 2009

Daniel M. Hartman .......................... *The name signed must be printed beneath*

*Attorney(s) for Judgment Creditor* Daniel M. Hartman, Esq.
*Office and Post Office Address* 489 Fifth Avenue, 28th Floor
New York, New York 10017
212-986-8600

A notice to judgment debtor in the form presented by CPLR §5222(e) — HAS — HAS NOT — been served on judgment debtor within a year.



# NEW YORK CITY MARSHAL
## Stephen W. Biegel

109 West 38th Street, Suite 200 • New York, NY 10018
Phone: (212) MARSHAL (627-7425) • Fax: (212) 398-2000
MarshalBiegel@aol.com • www.NewYorkCityMarshal.com

November 10, 2009

## LEVY AND DEMAND ON

IRA DANIEL TOKAYER, ESQ.
42 W 38TH STREET SUITE 801
NEW YORK NY 10018

JUDGMENT CREDITOR
REUBEN TAUB AND HINDY TAUB

VS

DVP GLOBAL TRADING, LLC
JUDGMENT DEBTOR

GREETINGS:

Attached you will find a Property Execution with Notice to Garnishee. As directed under CPLR §5232(a), you are required to turn over to me all property of the judgment debtor currently in your possession or custody, not to exceed the following amount:

| | |
|---|---|
| Judgment. . . . . . . . . . | $1,123,753.22 |
| Interest. . . . . . . . . . | $277.57 |
| Statutory Fees. . . . . . . | $15.00 |
| Expense . . . . . . . . . . | $0.00 |
| Poundage. . . . . . . . . . | $56,202.28 |
| **TOTAL** | $1,180,248.07 |

Should you have any questions, kindly contact my office.

## MARSHAL'S DOCKET # E 3836

Very truly yours,

STEPHEN W. BIEGEL
Marshal City of New York
Badge #27

SIGNATURE OF OFFICIAL ACCEPTING LEVY: _Ira Daniel Tokayer_

PRINTED NAME: _Ira Daniel Tokayer_ DATE: _11/11/09_

(BANKATTR)

EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 7

Arbco Capital Management, LLP,                       Case No. 07- 13283 (ALG)

                                        Debtor.        Hon. Allan L. Gropper
------------------------------------------------------------x
Richard O'Connell, as chapter 7 Trustee of the
estate of Arbco Capital Management, LLP,

                                        Plaintiff,

        - against-                                          Adv. Pro. No.

Hayim Regensberg, DVP Global Trading
LLP and Ira D. Tokayer, Esq. as Escrow
Agent,

                                        Defendants.
------------------------------------------------------------x

## COMPLAINT

        The Plaintiff herein, Richard O'Connell, ( "Plaintiff"), in his capacity as

Chapter 7 trustee of the estate of Arbco Capital Management, LLP ("Arbco"), by his

attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for his complaint, respectfully

sets forth and represents as follows:

## JURISDICTION AND VENUE

        1.       This adversary proceeding is brought pursuant to Sections 541, 542,

548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule

7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to

obtain a judgment directing a turnover and surrender of certain proceeds described herein currently being held by Defendant Ira D. Tokayer, Esq. as escrow agent.

2.   This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court.

3.   This is a core proceeding under 28 U.S.C. § 157(b)(2)(E), (H) and (O).

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5.   This bankruptcy case was commenced by the filing of an involuntary petition against Arbco on October 19, 2007 (the "Petition Date"). Thereafter, an Order for Relief was entered on November 26, 2007 under Chapter 7 of Title 11 of the Bankruptcy Code. Plaintiff was subsequently appointed interim trustee and has since qualified as the permanent trustee herein.

6.   Defendant Hayim Regensberg ("Regensberg") was the managing partner of Arbco, and was primarily responsible for its operations. He is currently incarcerated in the Federal penal system.

7.   Upon information and belief, Defendant DVP Global Trading LLP is a New York limited partnership owned and controlled by Regensberg, in whole or part.

8.   Defendant Ira D. Tokayer, Esq. is an attorney at law duly admitted to practice in New York, with offices at 42 W 38th Street, Room 802, New York, NY 10018-0064 and is named as an escrow holder without any personal liability.

## BACKGROUND FACTS

9.    Prior to bankruptcy, Arbco was purportedly engaged in the business of providing financial and investment services.

10.    Upon information and belief, Regensberg is and was also the owner and managing member of Midwest Trading LLC ("Midwest"), which was an affiliate, alter ego and/or predecessor in interest to the Arbco.

11.    Upon information and belief, Regensberg freely intermingled the assets of Arbco and Midwest; failed to maintain separate employees, business offices and accounts; and otherwise ignored the corporate formalities between the two entities.

12.    The businesses of Arbco and Midwest were integrated and were effectively one and the same, such that creditors and investors dealt with Arbco and Midwest as a single economic unit and did not treat them as having separate identities.

13.    Moreover, due to the nature of the Ponzi scheme, the affairs of Arbco and Midwest are so entangled that consolidation will benefit all creditors.

14.    Consequently, monies disbursed by Midwest during relevant times in question are recoverable by Arbco's bankruptcy estate.  Both Arbco and Midwest should be deemed substantively consolidated, to constitute a single bankruptcy estate for the purposes of this adversary proceeding.  Thus, Arbco and Midwest are hereinafter collectively and interchangeably referred to as the "Debtor."

15.    After the commencement of this bankruptcy case and entry of the Order for Relief, Regensberg was found guilty following a jury trial of securities fraud

3

and wire fraud in connection with the theft of more than $10 million through willful misrepresentation about two investment scams he perpetrated through the Debtor.

16.    By decision dated June 29, 2009, Regensberg was sentenced to serve 100 months in jail by the Hon. Victor Marrero of the U.S. District Court for the Southern District of New York.

17.    Regensberg operated two different frauds. In one, he informed investors that he was able to obtain initial public offering stock in various companies listed on international exchanges. In the second, he claimed to be loaning monies to trading firms to be used as collateral for leveraged investments.

18.    In reality, Regensberg likely operated a "Ponzi" style scheme and misappropriated various funds. Once his scheme began to unravel, he took steps to hide his illegal conduct by such measures as producing false bank statements to reflect more than $9,000,000 on deposit, when in fact the balance in the bank was only $9,000.

19.    With the criminal proceedings now over, the Trustee has obtained certain documents and financial records from the United States Attorney, and is commencing a number of avoidance actions and other litigations.

## THE LITIGATION PROCEEDS

20.    Upon information and belief, Defendant Ira D. Tokayer, Esq., as attorney at law, represented Defendants Hayim Regensberg and DVP Global Trading, LLC in certain litigation against General Trading of Philadelphia and others in the Supreme Court of the State of New York, New York County under Index No. 111582-2003 (the "Litigation").

4

21. The Litigation, directly or indirectly, implicates rights, interests and claims which rightfully and equitably belong to the Debtor and the Debtor's estate.

22. Alternatively, even if the Litigation involves rights, interests and claims unrelated to the Debtor, Regensberg's interest in the Litigation should be forfeited to Plaintiff by virtue of his subsequent fraud and other wrongdoing.

23. Upon information and belief, Defendants Hayim Regensberg and DVP Global Trading, LLC settled the Litigation for the sum of $450,000.

24. Upon information and belief, the proceeds of the settlement are being held and retained by Defendant Ira D. Tokayer as escrow holder (the "Litigation Proceeds").

## AS AND FOR A FIRST CAUSE OF ACTION
(11 U.S.C. §§ 541 and 542)

25. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "24" above, as if fully set forth herein.

26. The Litigation Proceeds rightfully constitute property of the Debtor's estate, to be administered by the Plaintiff, pursuant to Section 541 of the Bankruptcy Code.

27. Defendant Ira D. Tokayer, Esq. is a custodian of property belonging to the Debtor's bankruptcy estate, as that term is used in Section 543 of the Bankruptcy Code.

28.  By reason of the foregoing, Plaintiff is entitled to a judgment directing Defendant Ira D. Tokayer, Esq. to turnover the Litigation Proceeds pursuant to Sections 542 and 543 of the Bankruptcy Code free of the potential adverse claims.

WHEREFORE, Plaintiff demands judgment directing a turnover of the Litigation Proceeds, together with accrued interest and costs of this action.

Dated: New York, New York
       October 15, 2009

                        **GOLDBERG WEPRIN FINKEL**
                        **GOLDSTEIN LLP**
                        Attorneys for Plaintiff Richard O'Connell
                        1501 Broadway, 22nd Floor
                        New York, New York 10036
                        (212) 221-5700

           By: _____
                        Kevin J. Nash, Esq.