EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Application of Reuben Taub and Hindy Taub,          Index No. 116878/09

Petitioners,

AFFIRMATION

For a Judgment Pursuant to CPLR 5225 (b) to Compel
Payment of Money or Delivery of Property

- against -

Ira Daniel Tokayer,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      JOHN R. HORAN, an attorney duly admitted to practice before the courts

of the State of New York affirms under penalties of perjury as follows:

      1.     I am a member of Fox Horan & Camerini LLP, with offices at 825

Third Avenue, New York, New York, attorneys for Ira Daniel Tokayer the Respondent

herein (hereafter "Tokayer"). I submit this affirmation to respond to the Order to Show

Cause dated December 7, 2009, by Petitioners, Reuben Taub and Hindy Taub (hereafter

"Taub"). Petitioners seek an order directing Respondent to turn over all funds in his

custody or control of the judgment debtor DVP Global Trading LLP (DVP) pursuant to

an Execution with Notice to Garnishee dated November 10, 2009, and a Levy and

Demand served upon him on that date by New York City Marshal Stephen W. Biegel.

Attached as Exhibit A are copies of the Execution and the Levy and Demand received by

Tokayer.

2.    Ira Tokayer is an attorney with offices at 42 West 38th Street, New York, New York.

3.    Respondent does not oppose this petition but, upon the advice of counsel, he has retained the amount of $485,000 together with accrued interest in his attorney's escrow account; this amount is property of DVP, whom Respondent had represented in litigation, and the amount held represents funds paid in settlement of DVP's claims in that litigation. Attached as <u>Exhibit B</u> is a copy of the check in the amount of $485,000 to Respondent in full settlement of DVP claims. It is not disputed that these funds are property of DVP obtained by Respondent pursuant to a settlement agreement dated as of November 1st, 2007, between Hayim Regensberg and DVP (Respondent's clients) and Generic Trading of Philadelphia LLC, and certain other individuals and companies, in the Supreme Court of the State of New York, County of New York. <u>Exhibit B</u> shows that Respondent received the settlement check on November 12, 2007.

4.    Respondent has a charging lien against these funds for services rendered to Hayim Regensberg and DVP as evidenced by his statement attached as <u>Exhibit C</u> which as of this date is unpaid by Mr. Regensberg and DVP. The statement shows that Mr. Tokayer had a retainer of $6,000, against services and disbursements of $11,413.15; the balance due after applying the retainer is $5,413.19. Mr. Tokayer continued to render services to these clients after the date of <u>Exhibit C</u>, in the total amount of $2,600 (eight hours at $325 per hour). Mr. Tokayer's charging lien on the DVP funds he holds is therefore, in total, $8,013.19.

5. On November 23, 2009, Respondent received a Summons and Notice of PreTrial Conference in an Adversary Proceeding in the United States Bankruptcy Court, Southern District of New York. The Summons was accompanied by a Complaint in an Adversary Proceeding in the Chapter 7 proceedings of Arbco Capital Management, LLP, as Debtor. The complaint was in the name of Richard O'Connell (the "Trustee") as chapter 7 Trustee of the debtor and Respondent Ira D. Tokayer was named as "Escrow Agent" Defendant. Attached as Exhibit D is a copy of the Summons and Complaint of the Trustee.

6. The Trustee's complaint alleges that Respondent holds proceeds of settlement in "...certain litigation against General Trading of Philadelphia and others...", which proceeds belong to Hayim Regensberg and DVP, and that the litigation which produced the settlement funds, held by Respondent, "...directly or indirectly, implicates rights, interests and claims which rightfully and equitably belong to the Debtor and the Debtor's estate." The complaint also alleges that "Alternatively, even if the Litigation involves rights, interests and claims unrelated to the Debtor, Regensberg's interest in the Litigation should be forfeited to Plaintiff by virtue of his subsequent fraud and other wrongdoing." See Exhibit D, ¶¶ 20 through 24.

7. The Trustee's complaint seeks judgment directing Respondent Tokayer to turn over the DVP funds in his custody pursuant to Sections 542 and 543 of the Bankruptcy Code "free of the potential adverse claims." Exhibit D, ¶ 28.

8. Respondent has been joined as a stakeholder in the two actions cited herein. His only interest, aside from his charging lien noted in ¶ 3 *supra*, is to be

released from responsibility and liability to the claimants of these funds. It would appear that the Taub claim, which is a perfected judgment followed by an execution and levy takes priority over the claim made in the Trustee's complaint which consists only of allegations yet to be proved. However, counsel and Respondent seek the protection of this court's order in the face of the two claims, and has therefore not responded to the Levy of the City Marshall.

9.    Respondent has not yet answered the complaint of the Trustee but counsel has informed him of this proceeding and of the return date of the motion herein.

10.    Respondent has also been requested to hold the settlement funds from the Generic Trading settlement and to make payment to the law firm Moskowitz & Book, LLP for legal services of Daniel Ellen as promised by Hayim Regensberg. The amount demanded by Moskowitz & Book is $12,553.06. Attached as Exhibit E is the most recent demand of Mr. Book, dated September 2, 2009, along with the first such demand dated April 7, 2008. This demand has not been honored by Respondent by payment of any amount to Book & Moskowitz and the law firm has not brought any proceeding to enforce it. They are not party to this proceeding but have been informed about it by Ira Tokayer.

11.    Respondent was also notified by attorney Yitzchak E. Cohen on December 26, 2007, of his charging lien against funds of Regensberg and DVP in the amount of $2,600. See Exhibit F which is a copy of Mr. Cohen's letter; Mr. Tokayer did not respond except to inform him of this proceeding.

02-25-10 04:48p    Pg: 25/68    Fax sent by : 212 644 6494

WHEREFORE, Respondent requests an order that will allow him to pay the DVP funds in his custody to the party with the prior claim to the funds, while allowing him the total amount of his charging lien be paid from these funds or an order directing him to pay such funds into this court to be held subject to further order of this court, and discharging him from all liability with respect to such funds, together with such other and further relief as may be just in the circumstances.

Dated: New York, New York
      January 6, 2010

JOHN R. HORAN

Exhibit A

Fax sent by : 212 644 0544

B 320— Execution Against Property. To Sheriff, Marshal; Notice to Garnishee. Civil Court. 6 blanks suggested: original; office copy; 2 copies each for debtor and garnishee if officer cannot serve personally. 9 83

©1974 by Blumberg Excelsior, Inc., Publisher N.Y. 10013
www.blumberg.com

SUPREME
STATE
~~CITY~~ COURT OF THE ~~CITY~~ OF NEW YORK, COUNTY OF

Reuben Taub and Hindy Taub

*Plaintiff* S

*Index No.* 602135/2009

*against*

DVP Global Trading, L.L.C.

*Defendant*

*EXECUTION*
*WITH NOTICE TO*
*GARNISHEE*

### The People of the State of New York

TO THE SHERIFF OR ANY MARSHAL OF THE CITY OF NEW YORK, GREETING:

WHEREAS, *in an action in the* ~~Civil~~ *Court of the* ~~City~~ *of New York, County of* New York

*between* Reuben Taub and Hindy Taub

DVP Global Trading, L.L.C.
*who are all the parties named in said action, a judgment was entered on* November 9, 2009
*in favor of* Reuben Taub and Hindy Taub
*and against* DVP Global Trading, LLC
*whose last known address is* 130 West 42nd Street, New York, New York
*in the amount of $* 1,123,753.22 *including costs, of which $* 1,123,753.22
*interest thereon from* November 9, 2009 *remains due and unpaid;*

*as plaintiffs and*
*as defendant*

*judgment creditor*
*judgment debtor*

*together with*

NOW, THEREFORE, WE COMMAND YOU *to satisfy the said judgment out of the personal property of the above named judgment debtor and the debts due to him; and that only the property in which said judgment debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; AND TO RETURN this execution to the clerk of the above captioned court within 60 days after issuance unless service of this execution is made within that time or within extensions of that time made in writing by the attorney(s) for the judgment creditor .*

**Notice to Garnishee** TO: IRA DANIEL TOKAYER, Esq.
ADDRESS: 42 West 38th Street, Suite 801, New York, NY 10018

WHEREAS, *it appears that you are indebted to the judgment debtor, above named, or in possession or custody of property not capable of delivery in which the judgment debtor has an interest, including, without limitation, the following specified debt and property:*

funds held in escrow for the benefit of DVP Global Trading, LLC.

NOW, THEREFORE, YOU ARE REQUIRED *by section 5232(a) of the Civil Practice Law and Rules forthwith to transfer to the said sheriff or marshal all personal property not capable of delivery in which the judgment debtor is known or believed to have an interest now in or hereafter coming into your possession or custody including any property specified in this notice; and to pay to the said sheriff or marshal, upon maturity, all debts now due or hereafter coming due from you to the judgment debtor, including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;*

AND TAKE NOTICE *that until such transfer or payment is made or until the expiration of 90 days after the service of this execution upon you or such further time as is provided by any order of the court served upon you whichever event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than said sheriff or marshal, except upon direction of said sheriff or marshal or pursuant to an order of the court;*

AND TAKE FURTHER NOTICE THAT *at the expiration of 90 days after a levy is made by service of this execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void except as to property or debts which have been transferred or paid to said sheriff or marshal or as to which a proceeding under sections 5225 or 5227 of the Civil Practice Law and Rules has been brought.*

*Dated:* November 10, 2009

Daniel M. Hartman
*The name signed must be printed beneath.*

*Attorney(s) for Judgment Creditor*
*Office and Post Office Address*

Daniel M. Hartman, Esq.
489 Fifth Avenue, 28th Floor
New York, New York 10017
212-986-8600

A notice to judgment debtor in the form presented by CPLR §5222(e) — HAS — HAS NOT — been served on judgment debtor within a year.



# NEW YORK CITY MARSHAL
## Stephen W. Biegel
109 West 38th Street, Suite 200 • New York, NY 10018
Phone: (212) MARSHAL (627-7425) • Fax: (212) 398-2000
MarshalBiegel@aol.com • www.NewYorkCityMarshal.com

November 10, 2009

# LEVY AND DEMAND ON
IRA DANIEL TOKAYER, ESQ.
42 W 38TH STREET SUITE 801
NEW YORK NY 10018

**JUDGMENT CREDITOR**
REUBEN TAUB AND HINDY TAUB

VS

DVP GLOBAL TRADING, LLC
**JUDGMENT DEBTOR**

GREETINGS:

Attached you will find a Property Execution with Notice to Garnishee. As directed under **CPLR §5232(a)**, you are required to turn over to me all property of the judgment debtor currently in your possession or custody, not to exceed the following amount:

| | | |
|---|---|---|
| Judgment. . . . . . . . . . | | $1,123,753.22 |
| Interest. . . . . . . . . . | | $277.57 |
| Statutory Fees. . . . . . . | | $15.00 |
| Expense . . . . . . . . . . | | $0.00 |
| Poundage. . . . . . . . . . | | $56,202.28 |
| **TOTAL** | | **$1,180,248.07** |

Should you have any questions, kindly contact my office.

**MARSHAL'S DOCKET # E 3836**

Noting s
(212) 627 7425

Very truly yours,

STEPHEN W. BIEGEL
Marshal City of New York
Badge #27

SIGNATURE OF OFFICIAL ACCEPTING LEVY: _____

PRINTED NAME: _____     DATE: _____

(BANKATTB)

Exhibit B



STERLING NATIONAL BANK
650 Fifth Avenue, New York, NY 10019-6108

OFFICIAL CHECK

PURCHASER
CAPLIN OWNERS CORP.

PAY TO THE
ORDER OF

November 09, 2007

074977

1-172
360

PAY ***EXACTLY*** TOKYO***********************$485,000DOL 00CTS
EXACTLY $485,000DOL 00CTS

$485,000.00*

⑆074977⑆ ⑉026007773⑈ 83 02135100⑈

# IRA DANIEL TOKAYER
### ATTORNEY AT LAW
42 WEST 38TH STREET
SUITE 802
NEW YORK, NEW YORK 10018

TEL: (212) 695-5250
FAX: (212) 695-5450

November 21, 2007.

Mr. Hayim Regensberg
845 West End Avenue
Apt. 4C
New York, New York  10025

---

FOR PROFESSIONAL SERVICES rendered
in October 2007 (as per attached) . . . . . . . . . $  10,400.00

DISBURSEMENTS INCURRED, including
deposition costs, motion fee,
Aetna and postage  . . . . . . . . . . . . . . . $  1,013.19

TOTAL FEES AND DISBURSEMENTS . . . . . . . . . . . $  11,413.19

AMOUNT ON RETAINER . . . . . . . . . . . . . . . $   6,000.00

Ira Daniel Tokayer, Esq.
42 West 38th Street
Suite 802
New York, NY 10018


Invoice submitted to:
Chaim Regensberg
130 West 42 Street
New York NY 10036


November 11, 2007


Invoice # 10390


Professional Services

| | Hrs/Rate | Amount |
|---|---|---|
| 10/8/2007 Pcs re scheduling | 0.25<br>325.00/hr | 81.25 |
| 10/9/2007 Pcs re scheduling | 0.25<br>325.00/hr | 81.25 |
| 10/11/2007 Pc w/ER | 0.50<br>325.00/hr | 162.50 |
| 10/12/2007 Pcs w/HR, ER; rev Ref decision; pc w/atty (settle) | 1.50<br>325.00/hr | 487.50 |
| 10/14/2007 Prep OSC | 3.50<br>325.00/hr | 1,137.50 |
| 10/15/2007 Ct app (OSC) | 3.00<br>325.00/hr | 975.00 |
| 10/18/2007 Ct app (OSC) | 2.00<br>325.00/hr | 650.00 |
| 10/19/2007 Pcs w/clients, attys re settlement, disc, scheduling | 2.00<br>325.00/hr | 650.00 |

|  | | Hrs/Rate | Amount |
|---|---|---|---|
| 10/21/2007 | Prep outline for depos (Ervine, Bausch, SE) | 2.00 325.00/hr | 650.00 |
| 10/22/2007 | Pcs w/atty, client, ct re settlement; draft ltrs | 2.50 325.00/hr | 812.50 |
| 10/23/2007 | Ct app; draft ltr to Ervine; pcs w/attys, client re settlement | 2.50 325.00/hr | 812.50 |
| 10/24/2007 | Pcs w/client, attys re settlement | 0.50 325.00/hr | 162.50 |
|  | Meet w/RR re FL matter | 0.30 325.00/hr | 97.50 |
| 10/29/2007 | Rev agreement; draft comments; pcs w/client | 1.20 325.00/hr | 390.00 |
| 10/30/2007 | Rev comments, emails, pcs | 1.00 325.00/hr | 325.00 |
| 11/2/2007 | Rev agreement, release, guarantee; pcs | 1.00 325.00/hr | 325.00 |
| 11/4/2007 | Rev agreement, releases, guaratntee; pcs | 0.50 325.00/hr | 162.50 |
| 11/5/2007 | Draft ltr; pcs w/TP (confirming) and AM (re Ellen); pcs w/HR | 1.50 325.00/hr | 487.50 |
| 11/6/2007 | Rev file; comm w/counsel; meet w/HR | 2.00 325.00/hr | 650.00 |
| 11/7/2007 | Draft ltr; rev docs; prep docs for transmittal | 1.50 325.00/hr | 487.50 |
| 11/8/2007 | Rev file; prep disc docs for delivery as per agr; draft ltr; pcs | 2.50 325.00/hr | 812.50 |

|  | | | |
|---|---|---|---|
| | For professional services rendered | 32.00 | $10,400.00 |

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: Arbco Capital Management, LLP

Bankruptcy Case No.: 07–13283–alg

Richard O'Connell

Plaintiff(s),

–against–

Hayim Regensberg
DVP Global Trading LLP
Ira D. Tokayer, Esq.

Adversary Proceeding No. 09–01528–alg

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

| Address of Clerk: | |
|---|---|
| | Clerk of the Court |
| | United States Bankruptcy Court |
| | Southern District of New York |
| | One Bowling Green |
| | New York, NY 10004–1408 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: | |
|---|---|
| | Kevin J. Nash |
| | Goldberg Weprin Finkel Goldstein LLP |
| | 1501 Broadway |
| | 22nd Floor |
| | New York, NY 10036 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court | Room: Courtroom 617 (ALG), One Bowling |
|---|---|
| Southern District of New York | Green, New York, NY 10004 |
| One Bowling Green | |
| New York, NY 10004–1408 | Date and Time: 11/23/09 11:00 AM |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: 10/16/09

Vito Genna

_Clerk of the Court_

By: /s/  Tiffany Campbell

_Deputy Clerk_

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:                                                  Chapter 7

Arbco Capital Management, LLP,                           Case No. 07- 13283 (ALG)

                                    Debtor.              Hon. Allan L. Gropper
--------------------------------------------------------------x
Richard O'Connell, as chapter 7 Trustee of the
estate of Arbco Capital Management, LLP,

                    \              Plaintiff,

        - against- ·                                    Adv. Pro. No.

Hayim Regensberg, DVP Global Trading
LLP and Ira D. Tokayer, Esq. as Escrow
Agent,

                                    Defendants.
--------------------------------------------------------------x

## COMPLAINT

The Plaintiff herein, Richard O'Connell, ( "Plaintiff"), in his capacity as

Chapter 7 trustee of the estate of Arbco Capital Management, LLP ("Arbco"), by his

attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for his complaint, respectfully

sets forth and represents as follows:

### JURISDICTION AND VENUE

1.      This adversary proceeding is brought pursuant to Sections 541, 542,

548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule

7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to

obtain a judgment directing a turnover and surrender of certain proceeds described herein currently being held by Defendant Ira D. Tokayer, Esq. as escrow agent.

2. This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E), (H) and (O).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. This bankruptcy case was commenced by the filing of an involuntary petition against Arbco on October 19, 2007 (the "Petition Date"). Thereafter, an Order for Relief was entered on November 26, 2007 under Chapter 7 of Title 11 of the Bankruptcy Code. Plaintiff was subsequently appointed interim trustee and has since qualified as the permanent trustee herein.

6. Defendant Hayim Regensberg ("Regensberg") was the managing partner of Arbco, and was primarily responsible for its operations. He is currently incarcerated in the Federal penal system.

7. Upon information and belief, Defendant DVP Global Trading LLP is a New York limited partnership owned and controlled by Regensberg, in whole or part.

8. Defendant Ira D. Tokayer, Esq. is an attorney at law duly admitted to practice in New York, with offices at 42 W 38th Street, Room 802, New York, NY 10018-0064 and is named as an escrow holder without any personal liability.

## BACKGROUND FACTS

9. Prior to bankruptcy, Arbco was purportedly engaged in the business of providing financial and investment services.

10. Upon information and belief, Regensberg is and was also the owner and managing member of Midwest Trading LLC ("Midwest"), which was an affiliate, alter ego and/or predecessor in interest to the Arbco.

11. Upon information and belief, Regensberg freely intermingled the assets of Arbco and Midwest; failed to maintain separate employees, business offices and accounts; and otherwise ignored the corporate formalities between the two entities.

12. The businesses of Arbco and Midwest were integrated and were effectively one and the same, such that creditors and investors dealt with Arbco and Midwest as a single economic unit and did not treat them as having separate identities.

13. Moreover, due to the nature of the Ponzi scheme, the affairs of Arbco and Midwest are so entangled that consolidation will benefit all creditors.

14. Consequently, monies disbursed by Midwest during relevant times in question are recoverable by Arbco's bankruptcy estate. Both Arbco and Midwest should be deemed substantively consolidated, to constitute a single bankruptcy estate for the purposes of this adversary proceeding. Thus, Arbco and Midwest are hereinafter collectively and interchangeably referred to as the "Debtor."

15. After the commencement of this bankruptcy case and entry of the Order for Relief, Regensberg was found guilty following a jury trial of securities fraud

and wire fraud in connection with the theft of more than $10 million through willful misrepresentation about two investment scams he perpetrated through the Debtor.

16.    By decision dated June 29, 2009, Regensberg was sentenced to serve 100 months in jail by the Hon. Victor Marrero of the U.S. District Court for the Southern District of New York.

17.    Regensberg operated two different frauds. In one, he informed investors that he was able to obtain initial public offering stock in various companies listed on international exchanges. In the second, he claimed to be loaning monies to trading firms to be used as collateral for leveraged investments.

18.    In reality, Regensberg likely operated a "Ponzi" style scheme and misappropriated various funds. Once his scheme began to unravel, he took steps to hide his illegal conduct by such measures as producing false bank statements to reflect more than $9,000,000 on deposit, when in fact the balance in the bank was only $9,000.

19.    With the criminal proceedings now over, the Trustee has obtained certain documents and financial records from the United States Attorney, and is commencing a number of avoidance actions and other litigations.

## THE LITIGATION PROCEEDS

20.    Upon information and belief, Defendant Ira D. Tokayer, Esq., as attorney at law, represented Defendants Hayim Regensberg and DVP Global Trading, LLC in certain litigation against General Trading of Philadelphia and others in the Supreme Court of the State of New York, New York County under Index No. 111582-2003 (the "Litigation").

4

21.     The Litigation, directly or indirectly, implicates rights, interests and claims which rightfully and equitably belong to the Debtor and the Debtor's estate.

22.     Alternatively, even if the Litigation involves rights, interests and claims unrelated to the Debtor, Regensberg's interest in the Litigation should be forfeited to Plaintiff by virtue of his subsequent fraud and other wrongdoing.

23.     Upon information and belief, Defendants Hayim Regensberg and DVP Global Trading, LLC settled the Litigation for the sum of $450,000.

24.     Upon information and belief, the proceeds of the settlement are being held and retained by Defendant Ira D. Tokayer as escrow holder (the "Litigation Proceeds").

### AS AND FOR A FIRST CAUSE OF ACTION
(11 U.S.C. §§ 541 and 542)

25.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "24" above, as if fully set forth herein.

26.     The Litigation Proceeds rightfully constitute property of the Debtor's estate, to be administered by the Plaintiff, pursuant to Section 541 of the Bankruptcy Code.

27.     Defendant Ira D. Tokayer, Esq. is a custodian of property belonging to the Debtor's bankruptcy estate, as that term is used in Section 543 of the Bankruptcy Code.

5

28.    By reason of the foregoing, Plaintiff is entitled to a judgment directing

Defendant Ira D. Tokayer, Esq. to turnover the Litigation Proceeds pursuant to Sections

542 and 543 of the Bankruptcy Code free of the potential adverse claims.

WHEREFORE, Plaintiff demands judgment directing a turnover of the

Litigation Proceeds, together with accrued interest and costs of this action.

Dated: New York, New York
       October 15, 2009

> GOLDBERG WEPRIN FINKEL
> GOLDSTEIN LLP
> Attorneys for Plaintiff Richard O'Connell
> 1501 Broadway, 22nd Floor
> New York, New York 10036
> (212) 221-5700
>
>
> By: _____
>         Kevin J. Nash, Esq.



# M O S K O W I T Z   &   B O O K ,   L L P

1372 Broadway, Suite 1402
New York, NY 10018
(212) 221-7999
(212) 398-8835
www.moskowitzandbook.com

April 07, 2008

Mr. Ira Tokayer
42 West 38th Street
Suite 802
New York, NY 10019
Via Mail and Email -
imtoke@mindspring.com

> Re: *Statement of Legal Services - April 2008*
> *In Reference To: Ellen, Daniel*

Dear Ira:

Persuant to the enclosed retainer agreement dated January 26, 2004, Hayim Regensberg agreed to pay the legal fees of Daniel Ellen in the Generic Trading lawsuit. Mr. Regensberg did in fact pay those fees for much of the case, but left an outstanding balance.

We understand that following the settlement of the Generic Trading case, the settlement funds were paid and are held by you in your escrow account. We therefore demand that you make payment of Mr. Regensberg's obligation to this firm by remitting the sum of $12,553.06 to Moskowitz & Book, LLP. as soon as possible.

Thank you for your cooperation.

Sincerely,

Chaim B. Book

daniel.ellen@yahoo.com

In Reference To:        Ellen, Daniel
Invoice Number:        2963

|                    | Amount      |
|--------------------|-------------|
| **Previous balance** | $12,553.06 |
|                    |             |
| **Balance due**    | $12,553.06  |

## MOSKOWITZ & BOOK, LLP

ATTORNEYS AT LAW

1372 BROADWAY, 14TH FLOOR
NEW YORK, NEW YORK 10018
(212) 221-7999
FAX: (212) 398-8855
E-MAIL: INFO@MOSKOWITZANDBOOK.COM

January 26, 2004

Hayim A. Regensberg
782 West End Avenue
Apt. 23
New York, NY 10025

Re: Representation of Daniel Ellen

Dear Mr. Regensberg:

You have asked this firm to represent Daniel Ellen ("Ellen") in connection with a lawsuit encaptioned Hayim A. Regensberg v. Generic Trading of Philadelphia, LLC, et al, Index No. 111582/03, currently pending in the Supreme Court of the State of New York, County of New York in which he has been named as a Counterclaim-defendant and a Third Party Defendant. We are pleased to accept this representation on the terms and condition specified below. This matter will be handled primarily by Avraham C. Moskowitz, who may seek the assistance of the firm's other attorneys. Notwithstanding your agreement to pay Ellen's legal fees, it is understood that the firm's professional obligations run exclusively to Ellen.

You will pay this firm an initial, non-refundable retainer of $7,500 to represent Ellen in this matter. I will bill my time on this matter at the reduced rate of $350 per hour. Work performed on this matter by Chaim Book will be billed at $300 per hour and work done by Joseph Grob and David Phillips will be billed at $250 and $185 per hour respectively. The firm will deduct its fees for legal services and its out of pocket expenses incurred on this matter from the initial retainer. When the retainer drops below $2,500, you will be requested to deposit additional funds to bring the retainer back up to $7,500.

You will be provided with monthly statements summarizing the time expended and the expenses that have been incurred.

Further, in the event that a dispute arises as to attorney's fees, you have the right to seek arbitration of any such fee dispute, pursuant to Part 137 of the Rule of the Chief Administrative Judge.

If the above terms are acceptable to you, please indicate that fact by signing on the line provided below and returning the executed original in the enclosed envelope.

Very truly yours,

*Avraham C. Moskowitz*

Avraham C. Moskowitz

Agreed and Accepted:

By: *Hayim A. Regensberg*
Hayim A. Regensberg

# MB&W

### MOSKOWITZ, BOOK & WALSH, LLP

345 Seventh Avenue, 21st Floor

New York, NY 10001

(212) 221-7999

(212) 398-8835

www.MBWLLP.com

September 02, 2009

Mr. Ira Tokayer
42 West 38th Street
Suite 802
New York, NY 10019
Via Mail and Email -
imtoke@mindspring.com

> *Re: Statement of Legal Services - September 2009*
> *In Reference To: Ellen, Daniel*

Dear Ira:

Persuant to the enclosed retainer agreement dated January 26, 2004, Hayim Regensberg agreed to pay the legal fees of Daniel Ellen in the Generic Trading lawsuit. Mr. Regensberg did in fact pay those fees for much of the case, but left an outstanding balance.

We understand that following the settlement of the Generic Trading case, the settlement funds were paid and are held by you in your escrow account. We therefore demand that you make payment of Mr. Regensberg's obligation to this firm by remitting the sum of $12,553.06 to Moskowitz & Book, LLP. as soon as possible.

Thank you for your cooperation.

Sincerely,

Chaim B. Book

In Reference To:    Ellen, Daniel
Invoice Number:    3575

| | Amount |
|---|---|
| **Previous balance** | $12,553.06 |
| | |
| **Balance due** | $12,553.06 |

LAW OFFICES OF

# YITZCHAK E. COHEN

THE GRAYBAR BUILDING
420 LEXINGTON AVENUE
SUITE 2400

## NEW YORK, NEW YORK 10170

(212) 280-7205    FAX: (212) 280-4143
YCOHEN@7LITIGATOR.COM

December 26, 2007

<u>VIA FACSIMILE (212) 695-5450</u>

IRA D. TOKAYER, ESQ.
42 West 38th Street
Suite 802
New York, New York 10018

Re:  *Regensberg and DVP Global Trading, LLC v.*
*Generic Trading of Philadelphia, LLC, et al.,*
*Supreme Court, New York County,*
*Index No.: 111352 / 2005*

Dear Ira:

Please take notice that I have a charging lien against the Plaintiff in connection with the above-referenced matter in the amount of $2,000.00. Accordingly, please contact me prior to making any disbursements in this matter which may affect my lien.

Please feel free to contact me to discuss this further.

Very truly,

Yitzchak E. Cohen

YEC/nnk