EXHIBIT "C"

EX PARTE MOTION OFFICE

APPROVED
FOR THE PAYMENT
OF MOTION FEE
ONLY

M.S. #2

At IAS Part 57 of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse located at 80 Centre Street, New York, New York on the 28th day of January, 2010.

PRESENT:

Hon. Marcy S. Friedman, **MARCY S. FRIEDMAN**
                        Justice.

-------------------------------------------------------x

REUBEN TAUB and HINDY TAUB,                    Index No. 116878/2009

                        Petitioners,    **FEE PAID**

        -against-            **JAN 2 8 2010**        **ORDER TO**
                                            **SHOW CAUSE**
IRA DANIEL TOKAYER,              NEW YORK
                        COUNTY CLERK'S OFFICE
                        Respondent.

-------------------------------------------------------x

Upon reading and filing the supporting Affirmation of J. Ted Donovan, Esq., dated January 27, 2010, together with the supporting exhibits, and all prior proceeding heretofore had herein,

LET the Petitioners and Respondent appear and show cause before this Court at IAS Part 57, Room 328, to be held at the Courthouse located at 80 Centre Street, New York, New York on February 25, 2010 at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, why an Order should not be made and issued herein permitting Richard O'Connell, Chapter 7 bankruptcy trustee of Arbco Capital Management, LLP ("Intervener") to intervene

in this action pursuant to CPLR 5225(b) and 5239 on the ground that the Intervener has a competing claim against the funds which are the subject of the instant proceeding; and it is further

ORDERED, that a copy of this Order to Show Cause, together with the papers upon which it is based shall be served upon the Petitioners and the ~~Defendant~~ respondent by their respective counsel, by ~~regular~~ overnight mail or personal delivery mail on or before ~~January~~ February 2, 2010 and same service shall be good and sufficient notice hereof; and it is further

~~ORDERED, that responsive papers, if any, shall be served upon Petitioners, Defendant and Intervener by their respective counsel on or before February ___, 2010 and same service shall be good and sufficient notice thereof.~~

E N T E R :

MARCY S. FRIEDMAN, J.S.C.

MARCY S. FRIEDMAN

Opposition papers shall be served by ___2/16/10___.
Reply papers, if any, shall be served by ___2/23/10___.
All papers shall be served so received by the above dates, and shall be filed with the Clerk of Part 57 at least two (2) days before the return date. Oral argument is required.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
REUBEN TAUB and HINDY TAUB,            Index No. 116878/2009

Petitioners,

-against-

IRA DANIEL TOKAYER,

Respondent.

------------------------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE
WHY RICHARD O'CONNELL, TRUSTEE SHOULD NOT
BE PERMITTED TO INTERVENE IN THIS ACTION**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK )

        J. Ted Donovan, an attorney duly admitted to the Courts of the State

of New York affirms the following under penalties of perjury:

**PRELIMINARY STATEMENT**

        1.     I am an associate with the law firm of Goldberg Weprin

Finkel Goldstein LLP. My firm represents Richard O'Connell (the "Trustee"),

Chapter 7 bankruptcy trustee of Arbco Capital Management, LLP ("Arbco"). As

such, I am fully familiar with the facts and circumstances of this matter, and

submit this affirmation in support of the pre-fixed Order to Show Cause for a

hearing to consider the motion of the Trustee to intervene in the within action.

        2.     This is an action commenced by Reuben and Hindy Taub

(jointly, the "Petitioners") to enforce a judgment obtained by them against DVP

Global Trading LLC ("DVP") against certain funds being held in escrow by Respondent, Ira D. Tokayer, Esq.

3. The Trustee has likewise laid claim to these funds and, in fact, instituted an adversary proceeding in the Bankruptcy Court in his own right seeking a turnover of those same funds. Based upon the pending bankruptcy, it would appear that this proceeding is subject to the automatic stay under 11 U.S.C. § 362.

4. To the extent that the bankruptcy stay is not applicable, however, the Trustee hereby requests that he be permitted to intervene in this proceeding as a potential adverse claimant under CPLR 5225(b) and 5239.

## BACKGROUND

5. Hayim Regensberg ("Regensberg") was the managing partner of Arbco and operated a Ponzi scheme to defraud a number of investors, including Mr. Taub, who, along with others, commenced an involuntary petition in bankruptcy. Mr. Regensberg was convicted of securities fraud and is currently incarcerated in the Federal penal system.

6. Reuben Taub, among others, filed an involuntary petition in bankruptcy against Arbco on October 19, 2007. Thereafter, an Order for Relief was entered against Arbco on November 26, 2007 under Chapter 7 of Title 11 of the Bankruptcy Code. The Trustee was subsequently appointed interim trustee and has since qualified as the permanent trustee. Copies of the involuntary petition and order for relief are collectively annexed hereto as Exhibit "A".

2

7.      Among the assets of Regensberg and another of his entities, DVP are the proceeds of a lawsuit commenced by them against General Trading of Philadelphia and others in the Supreme Court of the State of New York, New York County under Index No. 111582-2003 (the "2003 Action"). The 2003 Action was settled, and Ira Tokayer ("Tokayer"), the defendant herein, is holding $450,000 in settlement proceeds (the "Proceeds") as Tokayer represented the plaintiffs in the 2003 Action. After the Trustee's appointment, the undersigned's firm wrote to Tokayer and requested that he retain the Proceeds in escrow pursuant to attached correspondence annexed hereto as Exhibit "B".

8.      By complaint dated October 15, 2009, the Trustee commenced an action against Regensberg, DVP and Tokayer in the Bankruptcy Court, under Adversary Proceeding No. 09-01528 (the "Bankruptcy Action"). A copy of the complaint filed in the existing adversary proceeding brought by the Trustee is attached hereto as Exhibit "C".

9.      The time for the defendants to answer the complaint has been extended to February 28, 2010. A pre-trial conference is scheduled for March 2, 2010.

10.     As part of his criminal sentence, Regensberg has been ordered to pay restitution of $13,400,960.65. The Trustee has commenced a separate action against Regensberg seeking to recover money he looted from Arbco in an amount not less than $13,400,960.65.

11. On July 10, 2009, almost two years after filing the involuntary petition against Arbco, Petitioners commenced an action against DVP in the Supreme Court for the State of New York, New York County, seeking to recover $1 million loaned by Petitioners to DVP in March 2000 (the "Taub Action"). Copies of the summons and complaint filed in the Taub Action are annexed hereto as Exhibit "D".

12. Petitioners thereafter obtained a judgment against DVP in the amount of $1,123,753.22, and served an execution on Respondent Tokayer seeking turnover of the Proceeds. After Tokayer declined to comply with the execution, citing to the Trustee's pending Bankruptcy Action, Petitioners commenced the instant action seeking to compel Tokayer to comply with the execution.

## ARGUMENT

13. The Trustee respectfully submits that he should be permitted to intervene in this action to protect the rights of all of the creditors of Arbco, including Reuben Taub, in and to the Proceeds.

14. Petitioners have declined to consent to the requested relief, apparently on the basis that any judgment which is awarded in favor of the Trustee in the Bankruptcy Action will be subordinate to the rights of the Petitioners in and to the Proceeds, because of their prior execution on the Proceeds. This, however, overlooks two very important facts.

15.     First, it is the Trustee's position that, because of the manner in which Regensberg acted through his three business entities, Arbco, DVP and Midwest Trading LLC ("Midwest"), the three entities are alter egos, and the Trustee, as the holder of all rights in and to the assets of Arbco, is entitled to pierce the corporate veil and administer the assets of DVP and Midwest as well. Thus, if the Trustee is successful in the Bankruptcy Action, the Proceeds, to the extent that they are an asset of DVP as rightfully an asset of Arbco, and subject to the jurisdiction of the Bankruptcy Court. This will have the practical effect of invoking the automatic stay to avoid the execution served by Petitioners.

16.     The Trustee believes that Regensberg acted through DVP from February, 1999 through sometime in 2002 or 2003, when he switched his transactions to Midwest. Thereafter, in late 2005 or early 2006, he switched again, and stopped operating under Midwest, carrying out his transactions through Arbco. Thus, for example, monies that were invested in Midwest in 2005 were repaid to investors from Arbco in 2006. It appears that he thus treated the three businesses as one entity, for all purposes.

17.     Interestingly, evidence supporting the Trustee's position is found in the transactions between the Petitioners, DVP and Arbco. Among the allegations contained in the complaint filed by the Petitioners in the Taub Action is that "On or about December 26, 2006, DVP arranged for a Fifty Thousand Dollar ($50,000) partial payment of the Loan to the plaintiffs." In fact, as

evidenced by the wire transfer statement annexed hereto as Exhibit "E", it appears that the partial repayment of the loans was paid by Arbco, not DVP.

18. Secondly, it must be noted that the Proceeds were obtained in a litigation commenced by Regensberg, in which the complaint was amended to add DVP as a party Plaintiff. At this stage in these proceedings, the extent to which the Proceeds are properly property of Regensberg, DVP or both is not clear. Thus, even if Petitioners have are ultimately found to have a superior claim in DVP's property, as they have no judgment against Regensberg, their claim to so much of the Proceeds as belongs to Regensberg may not be superior to that of the Trustee, who possesses indisputable claims against Regensberg.

19. In any event, under the circumstances, full and complete relief cannot be granted without the involvement and participation of the Trustee.

WHEREFORE, the Trustee respectfully prays for the entry of an Order consistent with the foregoing, and for such other and further relief as may be proper, for which no previous application has been made to this or any other Court.

Dated: New York, NY
        January 27, 2010

J. Ted Donovan, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700

H:\sylvia\word\ARBCO Capital Management, LLP-Midwest Trading-5018.00\Avoidance Actions\Tokayer State Court Action\Support for OSC 01-27-10.doc

6

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In Re:                                          Case No.  07- 13283


ARBCO CAPITAL MANAGEMENT, LLP,  Debtor.          Chapter 7


## SUMMONS TO DEBTOR IN INVOLUNTARY CASE


To the above named debtor:

A petition under title 11, United States Code was filed against you on October 19, 2007 in t̶ bankruptcy court, requesting an order for relief under chapter 7 of the Bankruptcy Code (title 11 of t United States Code).

YOU ARE SUMMONED and required to fie with the clerk of the bankruptcy court a moti or answer to the petition within 20 days after the service of this summons.  A copy of the petition attached.

<table>
<tr><td>Address of Clerk:</td><td>CLERK, U.S. BANKRUPTCY COURT<br>One Bowling Green<br>New York, NY 10004</td></tr>
</table>

At the same time you must also serve a copy of your motion or answer upon the petitioners' attorney.

<table>
<tr><td>Name and Address of Plaintiff's Attorney:<br>Finkel, Goldstein, Rosenbloom and Nash, LLP<br>Attn: Kevin J. Nash, Esq.<br>26 Broadway, Suite 711<br>New York, NY  10004</td></tr>
</table>

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedu 1011(c)..

If you fail to respond to this summons, the order for relief will be entered.


Kathleen Farrell-Willoughby
**Clerk of the Bankruptcy Court**


October 24, 2007          **By:** _____ Tiffany Campbell
**Date**                                **Deputy Clerk**

# FORM 5. INVOLUNTARY PETITION

**United States Bankruptcy Court**

SOUTHERN District of _____ NEW YORK

**INVOLUNTARY PETITION**

IN RE (Name of debtor - If Individual, enter: Last, First, Middle)

ARBCO CAPITAL MANAGEMENT, LLP

ALL OTHER NAMES used by debtor in the last 6 years
(Include married, malden and trade names)

SOC. SEC./TAX I.D. NO. (If more than one, state all)

STREET ADDRESS OF DEBTOR (No. and street, city, state and zip code)

845 West End Avenue
New York, New York 10025

MAILING ADDRESS OF DEBTOR (If different from street address)

COUNTY OR RESIDENCE OR
PRINCIPAL PLACE OF BUSINESS

New York

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

[X] Chapter 7    [ ] Chapter 11

## INFORMATION REGARDING DEBTOR (Check applicable boxes)

Petitioners believe

[ ] Debts are primarily consumer debts
[X] Debts are primarily business debts (Complete sections A and B)

TYPE OF DEBTOR

[ ] Individual
[ ] Partnership
[X] Other___Limited Liability Partnership

[ ] Corporation Publicly Held
[ ] Corporation Not Publicly Held

### A. TYPE OF BUSINESS (Check one)

[ ] Professional
[ ] Retail/Wholesale
[ ] Railroad
[X] Other___Finance / Investment

[ ] Transportation
[ ] Manufacturing/Mining
[ ] Stockbroker

[ ] Commodity Broker
[ ] Construction
[ ] Real Estate

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

Finance / Investment

## VENUE

[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ] A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District.

## PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor | | Case Number | | Date |
|---|---|---|---|---|
| Relationship | District | | Judge | |

## ALLEGATIONS

(Check applicable boxes)

1. [X] Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. §303(b).

2. [X] The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.

3.a. [ ] The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute;

or

b. [ ] Within 120 days preceding the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**COURT USE ONLY**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:                                        Chapter 7

ARBCO CAPITAL MANAGEMENT, LLP                 Case No.

Alleged Debtor.

-----------------------------------------------------------X

## SUPPLEMENTAL STATEMENT CONCERNING BASIS
## AND JUSTIFICATION FOR INVOLUNTARY PROCEEDINGS

The Alleged Debtor is a private investment company principally owned and operated by Hayim A. Regensberg ("Regensberg"). Petitioners each loaned relatively significant sums to the Alleged Debtor for re-investment purposes based upon various promissory notes and other financial arrangements concerning IPO offerings on the London Stock Exchange. Within the last week, various promissory notes have been accelerated by some of the Petitioners and the Alleged Debtor is now in default of significant monetary obligations, including both unpaid promissory notes of approximately $2,160,000 and failure to reimburse funds invested with respect to previous IPO offerings of more than $4,900,000. Moreover, Regensberg has engaged in highly suspicious activity within recent weeks leading to the belief that ARBCO is racked with fraud. Among other things, Regensberg has provided patently false information to certain Petitioners regarding available bank balances at Commerce Bank, manipulating bank reports to purportedly reflect more than $9,000,000 on deposit, when in fact

the Petitioners have subsequently confirmed the balance in the bank was approximately $9,000. Thereafter Regensberg has been evasive and refused to communicate with creditors. Accordingly, Petitioners believe that the Alleged Debtor is plainly incapable of paying its debts as they become due for purposes of 11 U.S.C. § 303(h)(1), while Regensberg and perhaps others have likely misappropriated millions of dollars.

Dated: New York, NY
October 19, 2007

FINKEL GOLDSTEIN
ROSENBLOOM & NASH, LLP
Attorneys for the Debtor
26 Broadway – Suite 711
New York, New York 10004
(212) 344-2929

By: _____
Kevin J. Nash (KJN 6274)
A Member of the Firm

# REQUEST FOR RELIEF

Petitioners request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioners declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information and belief.

---

/s/ Henry Gross
**Signature of Petitioner**

/s/ Kevin J. Nash
**Signature of Attorney**

Petitioner:    H. Gross Family, LP
444 Madison Avenue
New York, New York 10022

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

---

/s/ Mark Gross
**Signature of Petitioner**

/s/ Kevin J. Nash
**Signature of Attorney**

Petitioner:    Mark Gross
43 West 89th Street
New York, New York 10024

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

---

/s/ Deborah Kamioner
**Signature of Petitioner**

/s/ Kevin J. Nash
**Signature of Attorney**

Petitioner:    Deborah Kamioner
5220 Arlington Avenue
Bronx, New York 10471

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

## PETITIONING CREDITORS

| Name and address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| H. Gross Family LP<br>444 Madison Avenue<br>New York, NY 10022 | Monies now due under various promissory notes and other loans | $ 900,000 |
| Mark Gross<br>43 West 89th Street<br>New York, NY 10024 | Monies now due under various promissory notes and other loans | $ 825,000 |
| Deborah Kamioner<br>5220 Arlington Avenue<br>Bronx, NY 10471 | Monies now due under various promissory notes and other loans | $ 100,000 |
| Charles Gedinsky<br>585 West End Avenue<br>New York, New York 10024 | Monies now due under various promissory notes and other loans | $ 250,000 |
| Mitchell Rothschild<br>245 E. 63rd Street, Apt. 918<br>New York, NY 10021 | Monies now due under various promissory notes and other loans | $ 50,000 |
| Irwin Zalcberg Profit Sharing Plan<br>52118 Lake Park Drive<br>Grand Beach, MI 49117 | Monies now due under various promissory notes and other loans | $ 150,000 |
| Brooklyn Estates, LLC<br>P.O. Box 190053<br>Brooklyn, NY 11210 | Monies now due under various promissory notes and other loans | $ 317,740 |
| Andrew W. Schonzeit<br>225 West 88th Street, Apt. 2C<br>New York, NY 10024 | Monies now due under various promissory notes and other loans | $ 610,000 |
| Reuben Taub<br>607 West End Avenue, Apt 4A<br>New York, NY 10024 | Monies now due under various promissory notes and other loans | $2,070,380 |

_____

/s/ Charles Gedinsky
Signature of Petitioner

Petitioner:    Charles Gedinsky
585 West End Avenue
New York, New York 10024

/s/ Kevin J. Nash
Signature of Attorney

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

_____

/s/ Mitchell Rothschild
Signature of Petitioner

Petitioner:    Mitchell Rothschild
245 East 63rd Street
Apt. 918
New York, NY 10024

/s/ Kevin J. Nash
Signature of Attorney

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

_____

/s/ Irwin Zalcberg, Trustee
Signature of Petitioner

Petitioner:    Irwin Zalcberg Profit Sharing Plan
Attn: Irwin Zalcberg, Trustee
52118 Lake Park Drive
Grand Beach, MI 49117

/s/ Kevin J. Nash
Signature of Attorney

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

| Name and address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Malvine Spitzer<br>1629 51st Street<br>Brooklyn, NY 11204 | Monies now due under various promissory notes and other loans | $ 500,000 |
| Eli Jacobson<br>365 West End Avenue, Apt 803<br>New York, NY 10024 | Monies now due under various promissory notes and other loans | $ 792,456 |
| Bruce Rosenblum<br>180 Riverside Blvd, Apt10B<br>New York, NY 10069 | Monies now due under various promissory notes and other loans | $ 510,550 |

_/s/ Joseph Schreiber, Managing Member_
Signature of Petitioner

Petitioner:   Brooklyn Estates LLC
P.O. Box 190053
Brooklyn, NY 11219

_/s/ Kevin J. Nash_
Signature of Attorney

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

---

_/s/ Andrew W. Schonzeit_
Signature of Petitioner

Petitioner:   Andrew W. Schonzeit
225 West 88th Street
Apt. 2C
New York, New York 10024

_/s/ Kevin J. Nash_
Signature of Attorney

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

---

_/s/ Reuben Taub_
Signature of Petitioner

Petitioner:   Reuben Taub
607 West End Avenue
Apt. 4A
New York, New York 10024

_/s/ Kevin J. Nash_
Signature of Attorney

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

/s/ Malvine Spitzer
Signature of Petitioner

/s/ Kevin J. Nash
Signature of Attorney

Petitioner:  Malvine Spitzer
1629 51st Street
Brooklyn, NY 11204

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

---

/s/ Eli Jacobson
Signature of Petitioner

/s/ Kevin J. Nash
Signature of Attorney

Petitioner:  Eli Jacobson
365 West End Avenue
Apt. 803
New York, New York 10024

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

---

/s/ Bruce Rosenblum
Signature of Petitioner

/s/ Kevin J. Nash
Signature of Attorney

Petitioner:  Bruce Rosenblum
180 Riverside Boulevard
Apt. 10B
New York, New York 10069

Finkel Goldstein Rosenbloom
& Nash, LLP
26 Broadway, Suite 711
New York, New York 10004
Tel: (212) 344-2929

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                          Chapter 7

ARBCO CAPITAL MANAGEMENT, LLP                   Case No. 07- 13283 (ALG)

                        Debtor.

-------------------------------------------------------------x

## ORDER FOR RELIEF UNDER CHAPTER 7
## OF THE BANKRUPTCY CODE

It appearing that an involuntary petition under Chapter 7 Title 11 of

the United States Code (11 U.S.C. § 101 et seq) (the "Bankruptcy Code") was filed

against the Alleged Debtor ARBCO CAPITAL MANAGEMENT, LLP on

October 19, 2007, and thereafter a summons and the involuntary petition was duly

served on the Alleged Debtor on October 26, 2007; and it further appearing that

the Alleged Debtor ARBCO CAPITAL MANAGEMENT, LLP has not timely

answered or otherwise responded to the involuntary petition;

**NOW** on motion of Finkel Goldstein Rosenbloom & Nash, LLP,

attorneys for Petitioning Creditors; it is hereby

**ORDERED**, that an order for relief is hereby entered against

ARBCO CAPITAL MANAGEMENT, LLP under Chapter 7 of the Bankruptcy

Code; and it is further

**ORDERED**, that the Office of the United States Trustee shall

appoint a case trustee forthwith.

Dated:      New York, New York
              November 26, 2007

                          */s/ Allan L. Gropper*
                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

# FINKEL GOLDSTEIN ROSENBLOOM & NASH, LLP

*26 Broadway, Ste 711 New York, N.Y. 10004*

(212) 344-2929
TELECOPIER (212) 422-6836
GENERAL-E-MAIL: FINK@FINKGOLD.COM

KJNash@finkgold.com

*Benjamin Finkel (1905-1986)*
*Harvey L. Goldstein*
*Neal M. Rosenbloom*
*Kevin J. Nash*

*J. Ted Donovan*
*Counsel*

*Arthur A. Hirschler*
*Robert S. Powers*

November 14, 2007

<u>Via Fax (212)695-5450 and Mail</u>
Ira D. Tokayer, Esq.
42 West 38th St. – Suite 802
New York, NY 10018
and 1333 Broadway
New York, NY 10018

<u>Re</u>: Arbco Capital Management Co.

Dear Mr. Tokayer:

      I understand that you represented Hayim A. Regensberg and DVP Global in connection with an action in the Supreme Court – New York County, Index No: 11582-03, and are in possession of certain settlement proceeds.

      **PLEASE BE ADVISED** that involuntary bankruptcy proceedings were filed against ARBCO Capital Management, LLP and certain of its funds may have been used to fund this litigation or to pay attorneys fees and expenses.

      In view of the pending bankrupcy, I insist that you retain all settlement proceeds in your possession and not make any distributions without further order of the Bankruptcy Court.

      We recognize that your firm is entitled to a charging lien on the settlement proceeds but the balance of funds will likely be the subject of various avoidance actions in bankruptcy.

      I am enclosing a copy of the involuntary petition commenced by my firm on behalf of petitioning creditors.

Very truly yours,

KEVIN J. NASH

KJN:nc
Encl.

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 7

Arbco Capital Management, LLP,                                  Case No. 07- 13283 (ALG)

                                            Debtor.             Hon. Allan L. Gropper
-------------------------------------------------------------x
Richard O'Connell, as chapter 7 Trustee of the
estate of Arbco Capital Management, LLP,

                                            Plaintiff,

          - against-                                           Adv. Pro. No.

Hayim Regensberg, DVP Global Trading
LLP and Ira D. Tokayer, Esq. as Escrow
Agent,

                                            Defendants.
-------------------------------------------------------------x

## COMPLAINT

The Plaintiff herein, Richard O'Connell, ( "Plaintiff'), in his capacity as

Chapter 7 trustee of the estate of Arbco Capital Management, LLP ("Arbco"), by his

attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for his complaint, respectfully

sets forth and represents as follows:

## JURISDICTION AND VENUE

1.      This adversary proceeding is brought pursuant to Sections 541, 542,

548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule

7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to

obtain a judgment directing a turnover and surrender of certain proceeds described herein currently being held by Defendant Ira D. Tokayer, Esq. as escrow agent.

2.      This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court.

3.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(E), (H) and (O).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5.      This bankruptcy case was commenced by the filing of an involuntary petition against Arbco on October 19, 2007 (the "Petition Date"). Thereafter, an Order for Relief was entered on November 26, 2007 under Chapter 7 of Title 11 of the Bankruptcy Code. Plaintiff was subsequently appointed interim trustee and has since qualified as the permanent trustee herein.

6.      Defendant Hayim Regensberg ("Regensberg") was the managing partner of Arbco, and was primarily responsible for its operations. He is currently incarcerated in the Federal penal system.

7.      Upon information and belief, Defendant DVP Global Trading LLP is a New York limited partnership owned and controlled by Regensberg, in whole or part.

8.      Defendant Ira D. Tokayer, Esq. is an attorney at law duly admitted to practice in New York, with offices at 42 W 38th Street, Room 802, New York, NY 10018-0064 and is named as an escrow holder without any personal liability.

## BACKGROUND FACTS

9.     Prior to bankruptcy, Arbco was purportedly engaged in the business of providing financial and investment services.

10.     Upon information and belief, Regensberg is and was also the owner and managing member of Midwest Trading LLC ("Midwest"), which was an affiliate, alter ego and/or predecessor in interest to the Arbco.

11.     Upon information and belief, Regensberg freely intermingled the assets of Arbco and Midwest; failed to maintain separate employees, business offices and accounts; and otherwise ignored the corporate formalities between the two entities.

12.     The businesses of Arbco and Midwest were integrated and were effectively one and the same, such that creditors and investors dealt with Arbco and Midwest as a single economic unit and did not treat them as having separate identities.

13.     Moreover, due to the nature of the Ponzi scheme, the affairs of Arbco and Midwest are so entangled that consolidation will benefit all creditors.

14.     Consequently, monies disbursed by Midwest during relevant times in question are recoverable by Arbco's bankruptcy estate. Both Arbco and Midwest should be deemed substantively consolidated, to constitute a single bankruptcy estate for the purposes of this adversary proceeding. Thus, Arbco and Midwest are hereinafter collectively and interchangeably referred to as the "Debtor."

15.     After the commencement of this bankruptcy case and entry of the Order for Relief, Regensberg was found guilty following a jury trial of securities fraud

and wire fraud in connection with the theft of more than $10 million through willful misrepresentation about two investment scams he perpetrated through the Debtor.

16.     By decision dated June 29, 2009, Regensberg was sentenced to serve 100 months in jail by the Hon. Victor Marrero of the U.S. District Court for the Southern District of New York.

17.     Regensberg operated two different frauds.  In one, he informed investors that he was able to obtain initial public offering stock in various companies listed on international exchanges.  In the second, he claimed to be loaning monies to trading firms to be used as collateral for leveraged investments.

18.     In reality, Regensberg likely operated a "Ponzi" style scheme and misappropriated various funds.  Once his scheme began to unravel, he took steps to hide his illegal conduct by such measures as producing false bank statements to reflect more than $9,000,000 on deposit, when in fact the balance in the bank was only $9,000.

19.     With the criminal proceedings now over, the Trustee has obtained certain documents and financial records from the United States Attorney, and is commencing a number of avoidance actions and other litigations.

## THE LITIGATION PROCEEDS

20.     Upon information and belief, Defendant Ira D. Tokayer, Esq., as attorney at law, represented Defendants Hayim Regensberg and DVP Global Trading, LLC in certain litigation against General Trading of Philadelphia and others in the Supreme Court of the State of New York, New York County under Index No. 111582-2003 (the "Litigation").

21.     The Litigation, directly or indirectly, implicates rights, interests and claims which rightfully and equitably belong to the Debtor and the Debtor's estate.

22.     Alternatively, even if the Litigation involves rights, interests and claims unrelated to the Debtor, Regensberg's interest in the Litigation should be forfeited to Plaintiff by virtue of his subsequent fraud and other wrongdoing.

23.     Upon information and belief, Defendants Hayim Regensberg and DVP Global Trading, LLC settled the Litigation for the sum of $450,000.

24.     Upon information and belief, the proceeds of the settlement are being held and retained by Defendant Ira D. Tokayer as escrow holder (the "Litigation Proceeds").

## AS AND FOR A FIRST CAUSE OF ACTION
### (11 U.S.C. §§ 541 and 542)

25.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "24" above, as if fully set forth herein.

26.     The Litigation Proceeds rightfully constitute property of the Debtor's estate, to be administered by the Plaintiff, pursuant to Section 541 of the Bankruptcy Code.

27.     Defendant Ira D. Tokayer, Esq. is a custodian of property belonging to the Debtor's bankruptcy estate, as that term is used in Section 543 of the Bankruptcy Code.

28.     By reason of the foregoing, Plaintiff is entitled to a judgment directing Defendant Ira D. Tokayer, Esq. to turnover the Litigation Proceeds pursuant to Sections 542 and 543 of the Bankruptcy Code free of the potential adverse claims.

**WHEREFORE**, Plaintiff demands judgment directing a turnover of the Litigation Proceeds, together with accrued interest and costs of this action.

Dated: New York, New York
         October 15, 2009

**GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP**
Attorneys for Plaintiff Richard O'Connell
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700

By: _____
            Kevin J. Nash, Esq.

**EXHIBIT D**

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
----------------------------------------X      Index No.
Reuben Taub and Hindy Taub

                              **SUMMONS**
                    Plaintiffs,

        -against-
                                                    09602135
DVP Global Trading, L.L.C.

                    Defendant.

----------------------------------------X

**TO THE ABOVE NAMED DEFENDANT:**

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this

action and serve a copy of your answer to the Plaintiff's

attorney within 20 days after the service of this summons

exclusive of the day for service, or within 30 days after the

service is complete if this summons is not personally delivered

to you within the State of New York; and in case of your failure

to appear or answer, judgment will be taken against you by

default for the relief demanded in the complaint.

   The plaintiffs reside at: 607 West End Avenue, New York,

New York. New York County is designated as venue under CPLR Art.

5.

Dated:  New York, New York
        July 9, 2009

                                    _____
                                    Daniel M. Hartman
**FILED**                           Attorney for Plaintiffs
                                    489 Fifth Avenue, 28th Floor
JUL 1 0 2009                        New York, New York 10804
COUNTY CLERK'S OFFICE               212-986-8600
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------X     Index No.
Reuben Taub and Hindy Taub
                                           **VERIFIED COMPLAINT**
                        Plaintiffs,

        -against-

DVP Global Trading, L.L.C.
                                           09602135
                        Defendant.

-------------------------------------X

        Plaintiffs, Reuben Taub and Hindy Taub, as and for their

complaint, allege as follows:

        1.   Plaintiffs are individuals residing at 607 West End

Avenue, New York County, State of New York.

        2.   Upon information and belief, defendant DVP Global

Trading, L.L.C. ("DVP") is a corporation organized and existing

under the laws of the State of New York whose last known place

of business was located at 130 W 42nd Street, New York, New

York.

        3.   In or about March 2000, at the request of DVP,

plaintiffs made an interest free demand loan to DVP in the

principal amount of One Million Dollars ($1,000,000.00) (the

"Loan").

        4.   On or about December 26, 2006, DVP arranged for a

Fifty Thousand Dollar ($50,000.00) partial repayment of the Loan

to the plaintiffs.

FILED

JUL 1 0 2009

COUNTY CLERK'S OFFICE
NEW YORK

5.  In or about October 2007, plaintiffs demanded the prompt repayment of the balance of Loan.

6.  DVP has failed to make any further re-payments of the Loan.

WHEREFORE, the plaintiffs demand judgment against the defendant in the amount of Nine Hundred and Fifty Thousand Dollars, together with interest, costs and disbursements of this action and for such further relief as to this Court may seem just and proper.

Dated:  New York, New York
        July 9, 2009

Daniel M. Hartman
Attorney for Plaintiffs
489 Fifth Avenue, 28th Floor
New York, New York 10804
212-986-8600

VERIFICATION

State of New York          )
                           )ss.:
County of New York         )

Reuben Taub, being duly sworn and under penalty of perjury deposes and says that I am the plaintiff in this action, that he has read the attached complaint herein and all the contents thereof are true to his knowledge, except as to matters therein stated to be alleged upon information and belief, and that, as to those matters, he believes them to be true.

_____
Reuben Taub

Sworn to before me this _10_ of
_July_ , 2009.

_____
NOTARY PUBLIC

DANIEL M. HARTMAN
NOTARY PUBLIC, State of New York
No. 02HA5022805
Qualified in Westchester County
Commission Expires January 16, 2010

3

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
Index No.

---------------------------------------------------------------X

Rueben Taub and Hindi Taub

Plaintiffs,

-against-

DVP Global Trading, L.L.C.

Defendant.

---------------------------------------------------------------X

## SUMMONS & COMPLAINT

Signature (Rule 130-1.1-a)

_____

Daniel M. Hartman

DANIEL M. HARTMAN
ATTORNEY FOR PLAINTIFFS
489 FIFTH AVENUE, 28TH FLOOR
NEW YORK, NEW YORK 10017
212-986-8600

**EXHIBIT E**

Wire Transfer Archive          COMMERCE BK MARLIN     Value Date: 12-26-2006 to 12-26-2006

| MOP | DIR | MID | AMOUNT | CREATE DATE & TIME | VAL DATE | TYPE | BANK | DEPT | BRANCH | VER | TEMPLATE | MSG STAT |
|-----|-----|-----|--------|--------------------|----------|------|------|------|--------|-----|----------|----------|
| FED | O | 0612226130433XI03 | 50,000.00 | 12-26-2006 13:04:33 | 12-26-2006 | 1000 | 136 | WIR | 136BR9999 | 0 | ADVICE | AGED |

```
                    BANK    ACCT TYPE & NUMBER      CUST CODE         CUSTOMER NAME

DEBIT ACCOUNT: 136          DDA 7920158578          7920158578        ARBCO CAPITAL MANAGEMENT LLP
CREDIT ACCOUNT:

    SENDER: 026013673 COMMERCE BK MARLIN                        RECEIVER: 021000089 CITIBANK N.A.

ORIGINATOR: AC 7920158578                                  BENEFICIARY: AC 37478681
            ARBCO CAPITAL MANAGEMENT LLP                                Reuben Taub
            845 WEST END AVE # 4C                                       607 West End Ave
            NEW YORK, NY 10025-
                                                                        New YorkNY

ORIGINATING BANK:                                         BENEFICIARY BANK:


INSTRUCTING BANK:                                         INTERMEDIARY BANK:


PRODUCT CODE: CTR                              REFERENCE FOR BENEFICIARY: TKBE-6WDMUH
SENDER REFERENCE: 0612226130433XI03                     AS OF DATE & REASON: 12-31-1969
            IMAD: 20061226C1B76E1C001030               REFERENCE IMAD:
            OMAD:                                          DISPOSITION:

OBI:

BBI:

Country Code:US

NON-ACCOUNT INFORMATION:
    NAME :                                                  PHONE:
    ADDR1 :
    ADDR2 :
    CITY :              STATE:           ZIP:
    DRIVER'S LICENSE:            STATE OF ISSUE:     EXPIRATION DATE: 12-31-1969
    SSN OR EIN:                 TAXPAYER ID:            COMMENTS:
```