EXHIBIT "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------X
                              :

Application of Reuben Taub and   :
Hindy Taub,
          Petitioners,    :
                            :     Index No.116878/09
For a Judgment Pursuant to CPLR  :
5225(b) and/or 5227 to Compel    :     Affirmation in Reply
Payment of Money or Delivery of  :
Property                        :
                              :
against                      :
                              :
IRA DANIEL TOKAYER,         :
          Respondent.    :
------------------------------------X

     Daniel M. Hartman, an attorney licensed to practice before

the courts of the State of New York, under penalty of perjury,

affirms as follows:

     1.   I am the attorney for the petitioners herein and make

this affirmation in reply to the respondent, Ira Daniel Tokayer.

     2.   Petitioners, judgment lien creditors of DVP Global

Trading, LLC. ("DVP"), brought the instant proceeding to compel

the respondent to turnover funds he holds in escrow belonging to

DVP (the "DVP Funds"), the judgment lien debtor.

     3.   The funds paid by Carlin Owners Corp. "in the amount

of $485,000 to Respondent [were] ***in full settlement of DVP***

***claims***" in a litigation brought by DVP against Generic Trading

et al. (Horan Aff. ¶ 3.)(emphasis added).

4. With the exception of the asserted charging liens, addressed below, the funds held by the respondent belonged to DVP, and DVP alone, until the petitioners obtained a judgment against DVP the Marshal served an execution and levy on those funds.

5. At that moment, the petitioners became judgment lienors and their claim took priority of all other claims to the DVP Funds.

6. The respondent does not dispute that he was properly served with the execution and levy for the DVP Funds, which created a perfected judgment lien in favor of the petitioners in the DVP Funds. (Affirmation of John R. Horan ("Horan Aff.") ¶¶ 1, 2.)

7. The respondent does not oppose the turnover of these funds, less his charging lien in the amount of $8,013.19, and correctly believes that the petitioners' claim has priority. (Horan Aff. ¶¶ 3, 4, 8.)

8. The respondent forced this proceeding out of excess caution in light of turnover proceeding instituted by the trustee (the "Trustee") for the estate of Arbco Capital Management, LLP. ("Arbco"), a chapter 7 Debtor, in the United States Bankruptcy Court, Southern District of New York and charging liens asserted by the law firms of Moskowitz & Book and Yitzchak E. Cohen ("Cohen"). (Horan Aff., Ex. D.)

Fax sent by : 212 644 0544        02-25-10 04:52p        Pg: 53/68

9.    The Trustee merely seeks the turnover of the DVP funds
from respondent and *does not allege any personal liability
against the respondent*. (Horan Aff., Ex. D, ¶8.)

THE DVP FUNDS ARE NOT PROPERTY OF THE ARBCO BANKRUPTCY
ESTATE AND NOT SUBJECT TO THE TRUSTEE'S  TURNOVER COMPLAINT.

10.    As shown in the petition, the funds held by the
respondent do not constitute property of the Arbco bankruptcy
estate and petitioners' perfected judgment lien makes the
petitioners' interest prior to any claims that the Trustee has
or may have asserted with respect to the DVP Funds.

11.    Not only does the petitioner show that the DVP Funds
are beyond the orbit of the Arbco bankruptcy estate, but a
cursory review of the Trustee's turnover complaint shows that
the DVP Funds are in a different galaxy altogether.

12.    The remoteness of the DVP Funds from the estate is
apparent.

13.    The debtor is Arbco, and perhaps, under the theory of
substantive consolidation asserted by the Trustee, another
entity, Midwest Trading LLC, may also treated as the Debtor.
(Horan Aff., Ex. D. ¶ 14.)

14.    But the only connection with the Debtor's estate and
DVP is that they are both owned by Hayim Regensberg.

3

15. The DVP Funds does not implicate any "transfer", fraudulent or otherwise, in which the Debtor had an interest. 11 U.S.C. § 548.

16. The DVP Funds were paid to settle DVP's claims by Carlin Owners Corp., for the defendants in DVP's litigation with no connection or relationship with the Debtor.

17. There is no allegation by the Trustee DVP should be substantively consolidated with the Debtor.

18. A prerequisite to a turnover under 11 U.S.C. § 542 is that the property sought in the turnover must be property of the estate under 11 U.S.C. § 541. 4 Norton, Bankruptcy Law and Practice 3d, §62:3 (2008).

19. Since the DVP Funds are not property of the estate they are not properly the subject of the Trustee's turnover action.

20. Similarly, the respondent is not a custodian of property belonging to the Debtor's estate and is therefore not subject to the Trustee's turnover action under 11 U.S.C. § 543.

21. To be a custodian, respondent must have received property of the debtor, an assignee under a general assignment for the benefit of the debtor's creditors or have taken charge of the property of the debtor. 11 U.S.C. § 101(11).

22. None of these provisions apply to the respondent, who took possession of a non-debtor property, the DVP Funds.

4

Fax sent by : 212 644 0544          02-25-10 04:52p          Pg: 55/68

23.  The Trustee may not bootstrap claims against Regensberg to reach the DVP Funds, since even if the Trustee obtained a judgment in bankruptcy in an adversary proceeding against Regensberg, the Trustee might proceed to enforce that judgment against Regensberg's equity interest in DVP, but that equity interest is subsidiary and secondary to the petitioner's judgment lien claim to the DVP Funds.

24.  In light of the above the court should order the turnover of the DVP Funds to the petitioners, less the respondent's charging lien.

### MOSKOWITZ & BOOK AND COHEN DO NOT HAVE VALID CHARGING LIENS

25.  While the petitioners would not object to the satisfaction of the respondent's charging lien out of the DVP Funds, the so called charging liens asserted by the two other attorneys, Moskowitz & Book and Itzchak Cohen, are not charging liens at all.

26.  As sympathetic as one might be for attorneys seeking to collect their fees, Cohen may not assert charging liens since the statutory charging liens, pursuant to section 475 of the Judiciary Law, may only be asserted by attorneys of record. Rodriguez v. City of New York, 66 N.Y.2d 825, 498 N.Y.S.2d 351, 489 N.E.2d 238 (1993); Stinnett v. Sears, 201 A.D.2d 362, 607 N.Y.S.2d 646 (1st Dept. 1994).

5

27. Cohen did not appear as an attorney of record in the DVP action and is not entitled to a charging lien. (Ex. E.)

28. Furthermore, Moskowitz & Book appeared in the DVP action as the attorney for Daniel Ellen, a third-party "counter-claim defendant". (Ex. D, Verified Reply to Counterclaims.)

29. Under Judiciary Law § 475, an attorney has a lien "upon his client's cause of action, claim or counterclaim." By its very nature, a charging lien is limited to attorneys representing plaintiffs or defendants with counterclaims. Weinstein Korn and Miller, New York Civil Practice, ¶321.16 (2009); Ekelman v. Morano, 251 N.Y. 173, 167 N.E. 211 (1929); Goldman v. Rafel , Estates, 269 A.D. 647, 58 N.Y.S.2d 168 (1st Dept. 1945)(attorney  representing a defendant with no counterclaim has no charging lien.); Krauss v. New Era Cab, Corp., 259 A.D.341, 19  (N.Y.S.2d 261 (1st Dept. 1940); Adan v. Abbott, 114 Misc. 2d 735, 452 N.Y.S.2d 476 (Sp. Ct. 1982)(attorney representing defendant had no interest in funds accruing to the plaintiff).

30. Daniel Ellen, Moskowitz & Book's client, asserted no cause of action, claim or counterclaim, he merely defended against the third-party claims asserted by the DVP defendants. (Ex. D, Verified Reply to Counterclaims.)

31. As a consequence, Moskowitz & Book are not entitled to a charging lien against the DVP Funds and the perfected judgment

6

lien of the petitioners take priority over their claims for an unsecured debt.

32. Furthermore, although the court has already restrained the respondent from transferring the DVP Funds, to avoid the need for unnecessary motion practice, the court should grant the petitioners' request for an order extending the effective period of the levy to preserve the petitioners' judgment lien until such time as the disposition of the DVP Funds is finally determined.

WHEREFORE, the petitioners respectfully request an order requiring the respondent to turnover the DVP Funds, less the respondent's charging lien of $8,013.19; rejecting the charging lien claims of Moskowitz & Book and Cohen, and extending the effective period of the petitioners levy on the DVP Funds until such time as the disposition of those funds is finally determined and for such other and further relief as this court determines to be just.

Dated:    January 19, 2010
        New York, New York

Daniel M. Hartman
Attorney for the Petitioners
489 Fifth Avenue, 28th Floor
New York, New York 10017
212-986-8600

# EXHIBIT D

Fax sent by  : 212 644 0544

Chaim B. Book, Esq.
MOSKOWITZ & BOOK, LLP
1372 Broadway, Suite 1402
New York, New York 10018
(212) 221-7999

Attorneys for Counterclaim–defendant Daniel Ellen

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

HAYIM A. REGENSBERG and DVP GLOBAL TRADING, L.L.C.,

                              Plaintiffs,

        -against-

GENERIC TRADING OF PHILADELPHIA, LLC, CARLIN
EQUITIES CORP., SHEAR OFFMAN, INC.,
RONALD SHEAR AND DONALD MOTSCHWILLER,

                              Defendants.

---

GENERIC TRADING OF PHILADELPHIA, LLC, and CARLI[N]
EQUITIES CORP.

                    Counterclaim-plaintiffs,

        -against-

HAYIM A. REGENSBERG, DANIEL ELLEN and DVP
GLOBAL TRADING, L.L.C.,

                    Counterclaim-defendants.

---

Index No.: 111582/03

**VERIFIED REPLY TO
COUNTERCLAIMS**

FILED

APR 18 2007

NEW YORK
COUNTY CLERK'S OFFICE

FILED

APR 18 2007

NEW YORK
COUNTY CLERK'S OFFICE

          Counterclaim–defendant Daniel Ellen, by his attorneys, Moskowitz & Book, LLP,

for his answer to defendant's counterclaims, alleges as follows:

    1.  Denies knowledge or information sufficient to form a belief as to the truth of the

        allegations contained in paragraph 78 of the Counterclaims.

    2.  Admits the allegations contained in paragraphs 79 and 81 of the Counterclaims.

1

Fax sent by : 212 644 0544                    02-25-10 04:53p                    Pg: 09/08

3. Denies the allegations contained in paragraph 82 of the Counterclaims, except admits that he was a registered trader of Generic during specified periods and that he traded securities for a generic proprietary account (other than account 4G71)

4. Denies the allegations contained in paragraphs 83, 84 and 85 of the Counterclaims.

5. Denies the allegations contained in paragraph 86 of the Counterclaims.

6. Denies the allegations contained in paragraph 87 of the Counterclaims, except admits the allegations of subpart (a).

7. Denies the allegations contained in paragraph 88 of the Counterclaims.

8. Neither admits nor denies the allegations contained in paragraphs 89 of the Counterclaims, but respectfully refers the Court to the Amended Complaint in this action.

9. Denies the allegations contained in paragraphs 90, 91, 92, 93, and 94 of the Counterclaims.

10. In response to paragraph 95 of the Counterclaims, plaintiffs repeat, reiterate and reincorporate each and every answer contained in Paragraphs 1 to 9 inclusive, as though fully set forth herein.

11. Avers that paragraph 96 of the Counterclaims alleges that a conclusion of law as to which no response is required.

12. Denies the allegations contained in paragraphs 97 through 107 of the Counterclaims.

13. In response to paragraph 108 of the Counterclaims, plaintiffs repeat, reiterate and reincorporate each and every answer contained in Paragraphs 1 to 12 inclusive, as though fully set forth herein.

2

14. Avers that paragraph 109 of the Counterclaims alleges that a conclusion of law as to which no response is required.

15. Denies the allegations contained in paragraphs 110, 111 and 112 of the Counterclaims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The counterclaims fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant/counterclaimants' claims are barred, in whole or in part, by principles of estoppel, waiver, and in pari delicto.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendant/counterclaimants' claims are barred, in whole or in part, by the doctrine of unclean hands and laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant/counterclaimants' claims are frivolous and without foundation in fact.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant/counterclaimants' claim is being pursued in bad faith, for vexatious reasons and for purposes of harassing the Counterclaim Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendants have sustained no damage, loss or injury as a result of any act or failure to act on the part of Counterclaim Defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are precluded under the doctrine of accord and satisfaction.

3

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Defendants have failed to mitigate damages.

WHEREFORE, Daniel Ellen demands judgment dismissing the Counterclaims herein, together with costs and disbursements of this action, and such other relief as this Court deems just and proper.

Dated: New York, New York
      April 13, 2007

                             MOSKOWITZ & BOOK, LLP

By: _____
                    Chaim B. Book, Esq.
                    Attorneys for Counterclaim Defendant
                    Daniel Ellen
                    1372 Broadway, Suite 1402
                    New York, New York 10018
                    (212) 221-7999

4

# VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

       DANIEL ELLEN, being duly sworn, states that he is the Counterclaim Defendant

in this action, that he has read the Complaint and that the foregoing is true to his knowledge,

except as to matters which are stated to be upon information and belief and as to those matters he

believes them to be true.

_____
DANIEL ELLEN

Sworn to before me this
16th day of April, 2007

_____
Notary Public

CHAIM B. BOOK
Notary Public, State of New York
No. 02BO5062284
Qualified in New York County
Commission Expires June 24, ____ 2010

5



FILED

APR 1 8 2007

NEW YORK
COUNTY CLERKS OFFICE

# EXHIBIT E



## New York State Unified Court System

Courts

| | |
|---|---|
| Court: | **New York Civil Supreme** |
| Index Number: | **111582/2003** |
| Case Name: | **REGENSBERG, HAYIM A. vs. GENERAL TRADING** |
| Case Type: | **Other Commercial** |
| Track: | **Standard** |
| RJI Filed: | **12/19/2003** |
| Date NOI Due: | **12/30/2007** |
| NOI Filed: | |
| Disposition Deadline: | |
| Disposition Date: | **01/14/2008** |
| Calendar Number: | |
| Jury Status: | |
| Justice Name: | **CAHN, HERMAN** |

Attorney/Firm For Plaintiff:
**IRA DANIEL TOKAYER, ESQ.**     Attorney Type: **Attorney Of Record**    Atty. Status: **Active**
**42 WEST 38TH STREET - RM 802**
**NEW YORK, NEW YORK 10018**
**1-212 695-5250**

Attorney/Firm For Defendant:
**ANDREW P. WEISS**     Attorney Type: **Attorney Of Record**    Atty. Status: **Active**
**370 EAST 76TH STREET**
**NEW YORK, NEW YORK 10021**
**212 737-0950**

**MOSKOWITZ & BOOK & WALSH LLP**    Attorney Type: **Attorney Of Record**    Atty. Status: **Active**
**345 SEVENTH AVE. 21TH FLOOR**
**NEW YORK, NY 10001**
**212-221-7999**

**BINGHAM MCCUTCHEN LLP**    Attorney Type: **Attorney Of Record**    Atty. Status: **Active**
**ONE BATTERY PARK PLAZA-34TH FL**
**NEW YORK, NEW YORK 10004**
**1-917 777-4343**

| Close | Show All Appearances | Show Motions | Show Decisions | Add to eTrack |
|---|---|---|---|---|

Fax sent by : 212 644 6544                    02-25-10 04:54p    Pg: 67/68